IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARIA JOSE FLORES DIAZ,

    Petitioner,

v.                                                          Case No. 2:26-cv-00639 KWR-JHR

KRISTI NOEM, *Secretary of the Department*
*of Homeland Security,*
MARY DE ANDA-YBARRA, *Field Office Director of the El Paso Field Office,*
*Immigration and Customs Enforcement, Enforcement and Removal Operations,*
DORA CASTRO, *Warden of the Otero County Processing Center, and*
PAMELA BONDI, *Attorney General,*

    Respondents.

## ORDER FOR BRIEFING

THIS MATTER comes before the Court on Petitioner's Emergency Motion for Temporary Restraining Order (Doc. 5). Petitioner filed a writ of habeas corpus seeking release from custody for unlawful detention, or a bond hearing. Petitioner asserts that she is mandatorily detained under 8 U.S.C. § 1225(b)(2)(A), when she should be given a bond hearing under 8 U.S.C. § 1226.

After she filed her habeas Petition, Petitioner filed a motion for temporary restraining order seeking her release on the same or similar grounds as in her habeas petition. *See* Mot., Doc. 5. Federal Rule of Civil Procedure 65 does not automatically apply to this proceeding. However, the Court may apply the § 2254 habeas rules to this § 2241 petition. *See* § 2254 Habeas Rules, Rule 1(b) ("The district court **may apply any or all** of these rules to a habeas corpus petition not covered by Rule 1(a)") (emphasis added). Moreover, the Court may apply the Federal Rules of Civil

Procedure, to the extent they are not inconsistent with the habeas rules. § 2254 Habeas Rules, Rule 12

To the extent Petitioner seeks relief without a response by Respondents, the Court will order briefing. Fed. R. Civ. P. 65(b)(1) provides that:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Without deciding at this point whether preliminary injunctive relief under Federal Rule of Civil Procedure 65 is appropriate in this habeas case, the Court will order briefing. Petitioner requests immediate emergency injunctive relief. Given that Petitioner's Motion seeks the entire relief she would obtain in her habeas petition, the Court finds that briefing would be appropriate rather than summary adjudication without a response or record.

To the extent Petitioner requests that the Court expedite consideration of her habeas petition, the Court has already done so. 28 U.S.C. § 1657 provides that courts shall expedite "any action brought under chapter 153" (which includes this habeas petition), and any action for temporary or preliminary injunctive relief, over other civil cases. Pursuant to § 1657, the Court has already expedited habeas petitions challenging unlawful detention over all other civil cases. The Court attempts to rule as quicky as possible when a response is filed, but Petitioner has not established in her Petition why the Court should prioritize her Petition over *other* habeas petitioners who also assert a deprivation of their liberty interest. Petitioner asserts that a hearing

2

on her removal proceedings will occur, but she has not established that the Court should interfere with her removal proceedings, when the habeas petition concerns her detention.

The Court therefore orders Respondents to respond to the Motion by **March 26, 2026**. The Court will then attempt to rule as quickly as it is able, if supplemental briefing is not required.

**IT IS SO ORDERED.**

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE