# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MARIA JOSE FLORES DIAZ,

        Petitioner,

        v.                                 No. 2:26-cv-00639-KWR-JHR

MARKWAYNE MULLIN, *Secretary of the U.S.
Department of Homeland Security*,
TODD BLANCHE, *Acting Attorney General of the United States*,
MARY DE ANDA-YBARRA, *Field Office Director of the
El Paso Field Office of U.S. Immigration and Customs Enforcement,
Enforcement and Removal Operations*,
DORA CASTRO, *Warden of the Otero County Processing Center,
in their official capacities*,

        Respondents.

## ORDER FOR SUPPLEMENTAL BRIEFING

**THIS MATTER** comes before the Court on Petitioner Maria Jose Flores Diaz's Petition for Writ of Habeas Corpus (Doc. 1). Petitioner claims that her detention arises "from a reclassification triggered solely by the revocation of parole." Doc. 1 ¶ 6 (Petition). Respondents contend that "the reason Petitioner was arrested is that ICE had decided to cancel her parole." Doc. 10 at 7 (Response). However, the documents provided to the Court indicate that Petitioner's parole status expired February 12, 2023. *See* Doc. 1-3 at 31 (Form I-589). Petitioner's Form I-589 indicates that she entered the United States on December 13, 2022. *Id.* She was paroled and that parole expired February 12, 2023. *Id.* Petitioner appears to have signed this Form I-589 on November 26, 2025. *Id.* at 35. There is no other indication in the provided documents that Petitioner's parole was ongoing at the time of her arrest, or that she was released on a different form of parole following the expiration of her Form I-94 parole. The Court seeks clarification

about Petitioner's parole status at the time of her arrest as both parties suggest that her parole was revoked resulting in her detention, but the documentation indicates that her parole status had expired years earlier.

The parties are directed to provide a copy of Petitioner's Form I-94 or confirm that it is not in their possession. Further, the parties are directed to provide any other documentation that indicates whether Petitioner was on parole at the time of her arrest, or if her parole had terminated on February 12, 2023. If the documents previously provided to the Court are the only documents available, the parties should notify the Court that they are unable to provide further documentation on this matter. The parties are directed to file the requested documents or notify the Court that they are unable to provide further documentation by **April 30, 2026**.

**IT IS SO ORDERED.**

        /S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE